No. 512.

## JUSTICE v. THE CITY OF LOGANSPORT.

MUNICIPAL CORPORATION.—*Employment of Counsel.*—*Authority to Employ.*—
*When Binding on City.*— *Valuable Service Unsolicited.*—*Acceptance of Benefits
of.*—*Liability for.*—The common council of a city has the power to employ
counsel in addition to the city attorney, to protect the interests of the
city, but such employment must be made directly or through an author-
ized agency.   If an individual councilman should make such an employ-
ment, without authority to do so, and the employment be ratified by the
common council, it would bind the city; or, if an attorney should render
valuable services which are beneficial to the city, and the council, with
a full knowledge of the facts, accepts the fruits of such service, the city
will be liable for the value thereof.

From the Cass Circuit Court.

*M. Winfield*, for appellant.

*T. J. Tuley*, for appellee.

Fox, J.—The appellant brought suit before a justice of
the peace for services which he claimed he had rendered
for the appellee as an attorney in two cases tried in the
Cass Circuit Court, wherein the appellee was plaintiff.   An
appeal was taken from a judgment rendered by the justice,
to the said Circuit Court, where, by the agreement of the
parties, the case was submitted to the court without a jury.
The court gave judgment in favor of the appellee.   A mo-
tion for a new trial was made and overruled, and an appeal
taken to this court.   The reasons for a new trial, as stated
in the motion, were that the findings and judgment of the
court were contrary to the law and the evidence.   Overrul-
ing the motion for a new trial is the only error assigned in
the record.   The finding of the court below was general.
There was some conflict in the evidence at the trial; for
this reason we will not review it for the purpose of ascer-
taining where the preponderance was.

The facts involved, as we gather them from the record,
were substantially as follows:  The city of Logansport

made an ordinance imposing a license fee of two hundred and fifty dollars upon saloon keepers within the corporate limits.   The saloon keepers having refused to pay this fee, the city, through its regular attorney, brought suit to enforce collection.   While these suits were pending, a member of the common council of said city, by the name of Tousley, asked the appellant, who was at the time an attorney at law, living in said city, if he would accept employment upon the part of the city and assist in the cases, and he replied that he would.   Tousley then informed him that he would see other members of the council concerning the matter.   Tousley, at the time, was a member of the finance committee of the city.   After speaking to some other members of the council, Tousley requested the appellant to assist in the cases in the interests of the city. Tousley, so it appears, did not bring the matter before the council, as such, at any time, but simply mentioned it to some of the individual members.   The employment was never confirmed or ratified by the council in any manner. The city attorney, who had charge of the cases, refused to recognize the employment, and did not consult or act with the appellant as an attorney therein.   Demurrers were argued before the court in the cases by the city attorney upon two different occasions.   The appellant took part in these arguments, but not upon the invitation nor with the consent of the city attorney.   The city attorney assumed the management and control of the cases, and succeeded in obtaining a judgment therein in favor of the city.   It does not appear that the services of the appellant materially contributed in bringing about this result, or that the same result would not have been reached if he had taken no part in the cases.

Appellant's counsel, in argument, stated a number of propositions concerning the power of municipal corporations, citing numerous authorities in support thereof, that have little, if any, application to the matter before us.   A

number of the propositions mentioned would be recognized by any court upon the statement. That a common council of a city has power to employ attorneys to protect its interests will not be controverted. But that is not the question here. Did the council, in fact, employ the appellant to render the services for which he sues? This is the question. The appellant, in his brief, attaches importance to the fact that Tousley and another councilman, who consented to the employment, were members of the finance committee of the city. We are unable to understand how this fact in anywise adds strength to his case. It does not appear that authority was conferred upon this committee by the council to take charge of litigation in which the city was engaged, nor to make the employment in question. The statute of the State, conferring powers upon cities, provides for the election of a city attorney by the common council. Section 3078, of the Revised Statutes, among other things, provides that it shall be his duty to " prosecute all actions in favor of the city, and defend all actions brought against the city." Thus it will be seen that, by virtue of his office, he has charge of all litigation for and against the city. If additional attorneys are required to protect the interests of the city, the council has power to make the employment. But the council must do this directly or do it through an authorized agency. Individual members have no power to make such employment, and thus bind the city for the payment of fees, unless clothed with proper authority. Of course, if an individual councilman should make such an employment, and his action in the premises should be ratified by the council, such employment would bind the city. If, in this case, the appellant had rendered valuable services, which were beneficial to the city, and the council, as such, with a full knowledge of the facts, had accepted the fruits of such service, the city would have been liable for the value thereof. But there is no evidence in the record showing,

or tending to show, that the council in any manner authorized or ratified the action of councilman Tousley. It does not appear that such action was ever brought to the knowledge of that body. It does not appear that the successful termination of the suits was the result of the appellant's services, nor that his services were in anywise beneficial to the city. It satisfactorily appears from the record that the city attorney had the cases well in hand, and that the same results would have been reached if the appellant had not attempted to take part in the cases. We are referred to the case of the *City of Logansport* v. *Dykeman*, 116 Ind. 15, as an authority in point. We unhesitatingly approve the doctrine laid down in that case. An examination will show that the facts there involved were essentially different from those here. If the services for which the appellant claims had been rendered under the same circumstances as were those of the attorney in the case mentioned, no doubt the learned judge who tried the case below would have rendered judgment in his favor. We deem it unnecessary to review the many authorities cited by counsel, as it would greatly extend this opinion to little purpose. Under the facts as they are brought before us in the record, we are clear that the judgment of the court below was right, and should be affirmed.

The judgment is affirmed, with costs.