SOUTHERN INDIANA GAS & ELECTRIC COMPANY *v.*
CITY OF BOONVILLE ET AL.

[No. 26,896. Filed January 11, 1938. Rehearing
denied February 1, 1938.]

*Daniel H. Ortmeyer, Edmund F. Ortmeyer, William
D. Hardy, Ora Davis,* and *Philip Lutz, Jr.,* for appellant.

*Sylvester T. DeForest,* for appellees.

TREMAIN, J.—The appellant, as a taxpayer in the city
of Boonville, Indiana, sought a temporary injunction, en-
joining the city from appropriating the sum of $2,000 to
employ counsel in a suit filed by the city against the
Southern Indiana Gas & Electric Company to condemn
its utility property. The court denied the injunction. The

sole question before this court is whether or not the city possesses the power to employ additional counsel to assist the city attorney in that suit.

Pursuant to Chapter 190, p. 928, Acts 1933, and Chapter 293, p. 1447, Acts 1935, the city took the necessary and preliminary steps to acquire the appellant's property. The taxpayers voted in favor of the purchase. An offer was made to and refused by the appellant. Thereupon, the city instituted an action to condemn the property. The regularity of these proceedings is not questioned except that the statute (§54-607 Burns Ind. St. 1933, §14024 Baldwin's Ind. St. 1934, as amended by Chapter 293, Acts 1935) provides that the municipality seeking to condemn a public utility "shall have the right, prior to making the determination as to public convenience and necessity . . . to appropriate out of its general fund, such amount, not exceeding five (5) per centum of the total estimated cost of constructing or acquiring such utility, as is necessary to pay the expenses of a preliminary investigation and a proper survey, including the making of engineering plans and an estimate of the cost of constructing or acquiring such utility." Appellant contends that this statute does not include an expenditure of funds produced by general taxation to employ attorneys to conduct the condemnation proceeding, and that such expense was not included in the estimated cost as submitted to the voters at the time of the election.

The city petitioned the State Board of Tax Commissioners for authority to make the appropriation. The petition was granted, but upon the condition that said appropriation be added to the bond issue and repaid to the general fund when and if the bonds were sold. The question of the bond issue was not before the tax commissioners, and is not before this court. The items to be added to the purchase price are stated in the

statute quoted above. These are items of expense incurred for services rendered preliminary to the condemnation of the property, and to be included in the bond issue. The fees of attorneys in the condemnation action are not included. However, there is no provision in the statute, providing for the acquisition of a public utility by a city, which prevents a city from appropriating funds to employ counsel to assist the regular city attorney in this as well as in any other action. That is a question resting in the sound discretion of the officials of the municipality. It is one of the incidental powers necessary to the execution of a granted power. *City of Logansport* v. *Public Service Commission* (1931), 202 Ind. 523, 532, 177 N. E. 249. The city is granted specific authority to acquire the utility. Pursuant to that specific granted authority the city has the implied authority to employ attorneys to assist the regular city attorney when needed to carry out the granted power.

The court is not persuaded that the appellant has made a case showing injury to it, as a taxpayer, or warranting interference by a court of equity, on account of the appropriation of $2,000 for the employment of additional counsel. In the absence of statutory restrictions the city possesses the inherent power to employ assistance in its legal department when the gravity of the litigation reasonably requires such assistance. *Justice* v. *City of Logansport* (1892), 6 Ind. App. 135, 32 N. E. 868; 83 A. L. R. 137.

Judgment affirmed.

### ON PETITION FOR REHEARING.

TREMAIN, J.—In its petition for a rehearing the appellant has pointed out that this court failed to consider the plain words of the statute prohibiting the expenditure of funds of the municipality derived from taxation. It asserts that Section

16, Chapter 190, Acts 1933, expressly prohibits such expenditure. Section 16 pertains to the issuance of bonds to pay for the utility purchased or condemned by the city. It expressly provides that the funds to purchase the utility shall be derived from the hypothecation of the property purchased, together with the net earnings or proceeds derived therefrom; that the purchase price shall not be deemed an indebtedness of the city, nor shall it be paid from funds derived by general taxation.

It is the position of the appellant that this section prevents the employment of counsel, at the expense of the taxpayer, to assist the regular city attorney in prosecuting an action by the city under the eminent domain statute. Section 18 of Chapter 190 expressly grants to the municipality the power of eminent domain for the purpose of acquiring the property, and states that the municipality "shall proceed as now provided by law for the taking of property under the power of emiment domain." In reading Section 16 of that Act in connection with the entire Act, it is clear that it pertains solely to the bond issue and the retirement of the bonds from the net income derived from the utility. It contains no restrictions upon the question of the municipality's power and authority to employ necessary and efficient counsel in prosecuting the condemnation suit under the eminent domain statute. There is nothing in Chapter 190 pertaining to the subject of attorney's fees.

The proceeding involved, out of which this action grew, pertained to a question not included in the preliminary expenses as provided by Section 13, but to a question arising subsequent to all preliminary procedure, to the election, and to the attempt to purchase the plant from its owner without condemnation proceedings. The specific authorization of the statute is the acquisition of the utility property.

The employment of additional counsel is certainly included in the implied and inherent power of the municipality. It sometimes occurs that a municipality is represented by a regular attorney who may be ill, absent, or incapacitated, and if the rule should be established that the municipality has no general authority to employ an attorney to represent it in important litigation during the absence or disqualification of the regular attorney, it would be deprived of its legal rights. It was not the purpose of the Legislature in the enactment of Chapter 190 to provide that the municipality should not be placed on an equal footing with the utility in proceedings necessary to acquire, by purchase or condemnation, the property involved.

When the question of the bond issue is reached it will then be proper to decide what items of cost shall be included therein. It is not now present. It is enough to say that that section does not destroy the general and inherent power of the municipality to employ necessary legal counsel in carrying out the specific mandate and authority of the Legislature.

Petition for rehearing is overruled.